Case 6:21-cv-00142-ADA-JCM Document 1-52 Filed 02/11/21 Page 1 of 9
Filed: 12/4/2020 10:58 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy

Civil Action No. 6:21-cv-142

**EXHIBIT C**

CAUSE NO. 321,426-B

| | | |
|---|---|---|
| **BYRON ZULAUF,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | **146 TH JUDICIAL DISTRICT** |
| | § | |
| **RAYMOND M. GONZALEZ AND** | § | |
| **DTL TRANSPORTATION LLC,** | § | |
| *Defendants* | § | |
| | § | **BELL COUNTY, TEXAS** |

---

**PLAINTIFF'S ORIGINAL PETITION,
TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,
TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES BYRON ZULAUF**, hereinafter referred to by name or as Plaintiff, and complains of **RAYMOND M. GONZALEZ AND DTL TRANSPORTATION LLC,** hereinafter referred to by names or as Defendants, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

**1.**   Plaintiff intends that discovery be conducted pursuant to LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

**2.**   Plaintiff **BYRON ZULAUF (DL No.xxxxx898, SSN xxx-xx-x886)** is an individual residing in Williamson County, Texas.

**3.**   Defendant **RAYMOND M. GONZALEZ** is an individual residing in Randolph County, Texas, and may be served with process at P.O. Box 756 Randleman, North Carolina 27317.

*BYRON ZULAUF VS. RAYMOND M. GONZALEZ AND DTL TRANSPORTATION LLC*   PAGE 1 OF 9
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

146TH DISTRICT COURT  12/7/2020
BELL COUNTY, TEXAS

FWD TO CC 12/07/2020 MW
Copy from re:SearchTX

4.      Defendant **DTL TRANSPORTATION LLC** is a domestic operation authorized to do business in Texas, and may be served with process through its registered agent, Don Felder at 7301 Overland Rd., Orlando, Florida 32810.

### III.
### JURISDICTION & VENUE

5.      This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

6.      Venue is proper in Bell County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bell County, Texas.

### IV.
### FACTS

8.      On or about May 15, 2019, Plaintiff Byron Zulauf was operating a Mac Tractor Trailor in a lawful manner while traveling south on IH-35 in Temple, Bell County, Texas when his vehicle was suddenly, violently, and without warning struck on the driver's side by defendant **RAYMOND M. GONZALEZ** was operating a Tractor Trailor that was owned by Defendant **DTL TRANSPORTATION LLC** and failed to keep a proper lookout and make a safe movement on the roadway.

### V.
### CAUSES OF ACTION AGAINST
### DEFENDANT RAYMOND M. GONZALEZ

*A.*     *NEGLIGENCE*

9.      The occurrence made the basis of this suit, reflected in the above paragraphs, and the

*BYRON ZULAUF VS. RAYMOND M. GONZALEZ AND DTL TRANSPORTATION LLC*                    *PAGE 2 OF 9*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

Copy from re:SearchTX

resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant RAYMOND M. GONZALEZ, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

    a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c. failing to turn the vehicle in an effort to avoid the collision in question;

    e. failing to blow horn warning of imminent danger;

    f. failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of him; and

    g. failing to make a safe lane change.

**10.** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.** **NEGLIGENCE PER SE**

**11.** Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.103 pursuant to the negligence Per Se Doctrine which mandates that:

    **§545.103 Safely Turning:**

    **An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from direct course, or move right or left on a roadway unless movement can be made safely.**

Copy from re:SearchTX

**12.** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**C.    GROSS NEGLIGENCE**

**13.** Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

**14.** The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**VI.**
**CAUSES OF ACTION AGAINST**
**DEFENDANT DTL TRANSPORTATION LLC**

**A.    RESPONDEAT SUPERIOR**

**15.** At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous operation of the tow truck, negligently or willfully allowed such action to continue, and negligently or willfully failed to warn Plaintiff of the unsafe condition of the premises. This condition existed

Copy from re:SearchTX

despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as occurred to Plaintiff.  Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

16. Each and all of the foregoing acts and/or omissions of the agents, servants, and employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

**B.   GROSS NEGLIGENCE**

17. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

18. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.
## DAMAGES

19. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff BYRON ZULAUF suffered bodily injuries as reflected in the medical

Copy from re:SearchTX

records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

20. As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

21. Plaintiff has also suffered losses and damages to his personal property, including but not limited to damage to his vehicle for which he has never been compensated.

22. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

24. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

24. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

Copy from re:SearchTX

## IX.
## DEMAND FOR JURY TRIAL

25. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee

## X.
## REQUEST FOR DISCLOSURE

26. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## XI.
## NOTICE OF SELF-AUTHENTICATION

27. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## ATTACHED DISCOVERY

22. Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendants are requested to answer/respond within fifty (50) days of service hereof:

   a. Plaintiff's First Set of Interrogatories to Defendant RAYMOND M. GONZALEZ
   b. Plaintiff's First Requests for Production to Defendant RAYMOND M. GONZALEZ
   c. Plaintiff's First Requests for Admissions to Defendant RAYMOND M. GONZALEZ
   d. Plaintiff's First Set of Interrogatories to Defendant DTL TRANSPORTATION LLC
   e. Plaintiff's First Requests for Production to Defendant DTL TRANSPORTATION LLC
   f. Plaintiff's First Requests for Admissions to Defendant DTL TRANSTPORTATION LLC

*BYRON ZULAUF VS. RAYMOND M. GONZALEZ AND DTL TRANSPORTATION LLC*   *PAGE 7 OF 9*
*Plaintiff's Original Petition, TRCP 193.7 Notice, RFD, with Attached Discovery*

Copy from re:SearchTX

## XIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: jzuniga-svc@tjhlaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;

Copy from re:SearchTX

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600;   FAX: (361) 985-0601


BY: _____
JESUS ZUNIGA
STATE BAR NO. 24106629
 *email:  jzuniga-svc@tjhlaw.com
ATTORNEYS FOR PLAINTIFFS
*  service by email to this address only

Copy from re:SearchTX